UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHANIE F GREYER,

          Plaintiff,

v.                                                                             Case No. 22-cv-0254-bhl

MOOSEHEART CHILD CITY AND SCHOOL, ET AL,

          Defendant.

## ORDER DISMISSING CASE

Since February 28, 2022, *pro se* Plaintiff Stephanie Greyer has filed eight related cases in this Court, alleging various government entities and officials violated her civil rights. (22-cv-0251, ECF No. 1; 22-cv-0252, ECF No. 1; 22-cv-0253, ECF No. 1; 22-cv-0254, ECF No. 1; 22-cv-0374, ECF No. 1; 22-cv-0375, ECF No. 1; 22-cv-0376, ECF No. 1; 22-cv-0377, ECF No. 1.) In each case, Greyer has also moved for leave to proceed without paying the filing fee. (22-cv-0251, ECF No. 2; 22-cv-0252, ECF No. 2; 22-cv-0253, ECF No. 2; 22-cv-0254, ECF No. 2; 22-cv-0374, ECF No. 2; 22-cv-0375, ECF No. 2; 22-cv-0376, ECF No. 2; 22-cv-0377, ECF No. 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that the litigant is unable to pay the costs of commencing the action and the action is not frivolous, fails to state a claim, or is brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

With respect to her indigency, Greyer has offered contradictory evidence. (*Compare* 22-cv-0251, ECF No. 2, *with* 22-cv-0374, ECF No. 2.) Her motions present inconsistent information concerning the existence and extent of her assets and income. (*Id.*) These contradictions alone might suffice to doom Greyer's motion, but the Court need not resolve the question of indigency because a review of the complaints confirms they are all frivolous and must be dismissed notwithstanding Greyer's ability to pay the filing fee.

"A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)). Rational arguments

in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Attorney General*, Nos. 13-cv-476-wmc, 13-cv-477-wmc, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). While *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), not even excessively liberal construction rescues frivolous *pro se* complaints. *See Denton*, 504 U.S. at 33.

All of Greyer's allegations are some combination of fantastic, impossible, and/or incomprehensible. In her first lawsuit, she claims that the FBI trafficked her to Nas and Kevin Hart, (22-cv-0251, ECF No. 1 at 3), that Kim Kardashian owes her money, (*id.*), and that she was somehow killed by the CIA "years ago." (*Id.* at 8.) In a different suit, she alleges that she was "killed out of [her] life" by federal agencies, agents, and family members. (22-cv-0375, ECF No. 1 at 4.) The other six complaints contain equally wild and implausible allegations. (*See* 22-cv-0252, ECF No. 1; 22-cv-0253, ECF No. 1; 22-cv-0254, ECF No. 1; 22-cv-0374, ECF No. 1; 22-cv-0376, ECF No. 1; 22-cv-0377, ECF No. 1.)

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED**, and the complaint is **dismissed** for frivolousness. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 7, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge